**BAO ZHEN LI, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, United States Attorney General, Respondent.**

**No. 08–3329–ag.**

United States Court of Appeals,
Second Circuit.

June 1, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

David A. Bredin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Zhen Li, a native and citizen of the People's Republic of China, seeks review of a June 12, 2008 order of the BIA affirming the March 29, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Zhen Li*, No. A99 539 016 (B.I.A. Jun. 12, 2008), *aff'g* No. A99 539 016 (Immig. Ct. N.Y. City Mar. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, this Court reviews the IJ's decision as modified by the BIA, confining its review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007). Because the BIA assumed Li to be credible, we do likewise. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou*

*Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ As an initial matter, we lack jurisdiction to consider any challenge to the IJ's denial of CAT relief because Li failed to exhaust that claim in her appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). To the extent Li challenges the agency's denial of CAT relief before this Court, the petition for review is dismissed.

■ As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S.Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." We find no error in the agency's conclusion that Li's asylum claim lacked a sufficient nexus to a protected ground. While Li's arguments offer the possibility that a reasonable adjudicator could have found that Chinese authorities were or will be partially motivated to persecute her and other striking workers on account of a perceived anti-government opinion, she articulates no basis on which we are "compelled" to find—contrary to the agency's determination—that such an opinion was or will be a "central" motive. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1252(b)(4)(B); *cf. Osorio v. INS,* 18 F.3d 1017, 1029 (2d Cir.1994) (finding that the agency erred in failing to address both the political dimension and the political context of the petitioner's activities where they were conducted as a part of a union, and substantial background evidence indicated that the government perceived union activities as a political threat to their authority). China's general intolerance for worker dissent, as exemplified by the regulation banning all strikes, does not compel the

conclusion that, in her individual circumstances, the police arrested, detained, and interrogated Li on account of her political opinion. *See Manzur,* 494 F.3d at 289. In light of the foregoing, the agency's denial of her asylum claim was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Further, because Li was unable to establish eligibility for asylum, she is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).